```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :      19cv2037(DLC)
BERNARD SCARBOROUGH,                     :
                                         :      OPINION AND ORDER
                    Plaintiff,           :
          -v-                            :
                                         :
U.S. SECURITY ASSOCIATES, INC.,          :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES

For plaintiff Bernard Scarborough:
Locksley O. Wade
Law Office of Locksley O. Wade, LLC
11 Broadway, Suite 615
New York, New York 10004

D. Christopher Mason
Mason Law, PLLC
11 Broadway, Suite 615-8
New York, New York 10004

For defendant U.S. Security Associates, Inc.:
Evan S. Weiss
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, Northeast, Suite 400
Atlanta, Georgia 30326

DENISE COTE, District Judge:

Plaintiff Bernard Scarborough commenced this action on March 5, 2019 under 42 U.S.C. § 1981 to redress allegedly discriminatory employment practices by defendant U.S. Security Associates, Inc. On June 27, defendant moved for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P., asserting that this action is barred by plaintiff's previous efforts to

litigate this matter before the New York State Division of Human Rights ("NYSDHR") and the New York Supreme Court.  For the reasons that follow, the defendant's motion for judgment on the pleadings is denied.

## Background

The following facts are taken from the complaint, documents integral to the complaint, and public filings of which this Court takes judicial notice.  Beginning in February 2016, plaintiff worked for defendant as a security guard in New York. In March 2017, plaintiff filed a complaint with his supervisors alleging that his co-workers had referred to him with racially offensive language.  The supervisors responded by filing letters of reprimand against plaintiff for minor workplace violations. On May 15, plaintiff filed a second complaint asserting that on May 12 another employee had used racially offensive language. Later that day, plaintiff was suspended without pay.  On June 5, 2017, plaintiff was fired.  Defendant asserted that plaintiff had failed to cooperate in its investigation of plaintiff's May 15 complaint.

On June 20, 2017, plaintiff, proceeding pro se, filed a complaint with the NYSDHR ("NYSDHR Complaint") alleging unlawful discrimination based on age and race.  The NYSDHR Complaint asserts, among other things, that plaintiff was referred to in derogatory terms in March 2017 and was subject to certain

2

mistreatment by a co-worker on May 12, 2017.[1]  The NYSDHR
Complaint also describes in some detail plaintiff's attempts to
obtain information regarding the basis for the defendant's
decision to suspend his employment.

As described in the NYSDHR's Final Investigation Report and
Basis of Determination, its investigation of the NYSDHR
Complaint appears to have been based exclusively on a review of
written submissions.  In its December 4, 2017 Determination and
Order After Investigation ("NYSDHR Order"), the NYSDHR concluded
that "there is NO PROBABLE CAUSE to believe that the [defendant]
has engaged in or is engaging in the unlawful discriminatory
practice complained of."  The NYSDHR Order informed plaintiff of
his right to appeal to the Supreme Court of New York.[2]

On January 23, 2018, plaintiff filed an appeal of the
NYSDHR Order pursuant to Article 78 of the New York Civil
Practice Law and Rules.  On April 24, the New York Supreme Court
dismissed the appeal without prejudice for plaintiff's failure
to effect proper service.  Plaintiff does not assert that he has
taken steps to cure this deficiency or that he filed a renewed

---

[1] The NYSDHR Complaint does not allege that racially offensive
language was directed at plaintiff during the May 12 incident.

[2] Because plaintiff's NYSDHR Complaint alleged age discrimination
under the Age Discrimination in Employment Act, the NYSDHR Order
also informed the plaintiff of his right to request review by
the Equal Employment Opportunity Commission ("EEOC").  Plaintiff
subsequently sought review by the EEOC but was denied relief.

3

appeal of the NYSDHR Order.

Plaintiff filed this complaint in federal court on March 5, 2019. On June 27, defendant moved for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. The motion became fully submitted on July 19.

### Discussion

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). In deciding a motion for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P., courts "apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." Mantena v. Johnson, 809 F.3d 721, 727-28 (2d Cir. 2015) (citation omitted). "On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (citation omitted). "A complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated by reference, and documents that, although not incorporated by

reference, are integral to the complaint." Id. (citation omitted); see also Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016).

Defendant seeks dismissal of this action on two theories. First, it asserts that an election-of-remedies limitation contained in the New York Human Rights Law bars plaintiff's subsequent claims under federal law. Second, and as further developed in plaintiff's opposition and defendant's reply brief, it asserts that plaintiff's claims must be dismissed according to the doctrine of issue preclusion. Defendant is incorrect and its motion is denied.

I. Election-of-Remedies Limitation

New York's Human Rights Law contains an election-of-remedies limitation. It creates a cause of action for "[a]ny person claiming to be aggrieved by an unlawful discriminatory action . . . unless such person had filed a complaint hereunder [with the NYSDHR] or with any local commission on human rights." N.Y. Exec. L. § 279(9). Although the election-of-remedies limitation applies equally to claims brought in both state and federal courts, it is no more than a limitation on the statutory rights created by the Human Rights Law. York v. Ass'n of Bar of City of New York, 286 F.3d 122, 127 (2d Cir. 2002). It has no effect on claims brought under federal law. Accordingly, the election-of-remedies limitation does not bar plaintiff's claims

5

under 42 U.S.C. § 1981.

II. Issue Preclusion

"Under New York law, issue preclusion occurs if (1) the issue in question was actually and necessarily decided in the prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding."[3] Vargas v. City of New York, 377 F.3d 200, 205-06 (2d Cir. 2004). "The party seeking to invoke [issue preclusion] has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate." In re Dunn, 24 N.Y.3d 699, 704 (2015).

A finding of "no probable cause" by the NYSDHR may have preclusive effect on a subsequent claim under 42 U.S.C. § 1981. Kirkland v. Peekskill, 828 F.2d 104, 108 (2d Cir. 1987). In the context of administrative agency determinations, however, the doctrine of issue preclusion "is applied more flexibly, and additional factors must be considered by the court." ABN AMRO Bank, N.V. v. MBIA Inc., 17 N.Y.3d 208, 226 (2011) (citation

---

[3] "[I]n order to determine the preclusive effect of a state-court decision, a federal court must look to the law of that state and should not give the state-court decision any greater preclusive effect than the courts of that state would give it." Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 191 (2d Cir. 2012). The federal common law and New York state rules of issue preclusion are similar to one another. See Farrell v. Burke, 449 F.3d 470, 482-83 (2d Cir. 2006).

6

omitted). These additional factors are designed to ensure "that the administrative decision [was] 'quasi-judicial' in character," that is, rendered pursuant to "procedures substantially similar to those used in a court of law" such that there was a "full and fair opportunity to contest the decision now said to be controlling." Id. (citation omitted).

To determine whether an NYSDHR determination was "quasi-judicial," the New York Court of Appeals has instructed courts to consider "the various elements which make up the realities of litigation." Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 734 (2d Cir. 2001) (citation omitted). The specific factors to be considered include "the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation." Id. (quoting Schwartz v. Pub. Adm'r of Bronx Cnty., 24 N.Y.2d 65, 72 (1969)).

The record does not permit the application of issue preclusion. Although the defendant has satisfied its burden to show an identity of issues between the subject matter of the NYSDHR proceeding and plaintiff's federal law claims, the plaintiff did not have the full and fair opportunity to litigate the issue in the NYSDHR proceeding that New York law requires to

7

preclude further litigation of those claims.  Plaintiff was not represented by counsel before the NYSDHR, and the NYSDHR's determination was "based primarily, if not exclusively, upon a review of the papers submitted."  Kosakow, 274 F.3d at 734.  There is no record of any witness interviews or any hearing or conference held with the parties.  Plaintiff did not have an opportunity to cross-examine any witnesses.  The informality of the forum, the limited scope of the litigation, and plaintiff's status as a pro se litigant counsel against a determination that the NYSDHR Order has preclusive effect.  That plaintiff appealed the NYSDHR Order to the New York Supreme Court does not alter this conclusion.

## Conclusion

Defendant's June 27, 2018 motion for judgment on the pleadings is denied.

Dated:   New York, New York
         July 26, 2019

_____
DENISE COTE
United States District Judge

8