```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
BERNARD SCARBOROUGH,                     :
                                         :
                         Plaintiff,      :      19cv2037 (DLC)
                                         :
              -v-                        :      MEMORANDUM OPINION
                                         :          AND ORDER
U.S. SECURITY ASSOCIATES, INC.,          :
                                         :
                         Defendant.      :
                                         :
-----------------------------------------X
```

Appearances:

For the plaintiff:
Bernard Scarborough
2931 Eighth Avenue, Apt. 7F
New York, NY 10039

DENISE COTE, District Judge:

The plaintiff has sought reinstatement of his action. That application is denied.

On November 5, 2019, during fact discovery and following an unsuccessful mediation, Christopher Mason ("Mason") and Locksley Wade ("Wade") moved to withdraw as counsel for plaintiff in the above-captioned case. In their supporting affidavit, Mason and Wade stated that plaintiff had ceased communication with counsel and that they could not comply with their discovery obligations or otherwise prosecute the case as a result.

An Order of November 12, 2019 granted Mason and Wade's motion to withdraw. The November 12 Order further ordered that any new counsel for plaintiff must file a Notice of Appearance

by December 6 and that, if no counsel appeared on plaintiff's behalf, plaintiff must complete a Notice of Appearance form and submit it by mail to the Pro Se Office of this Courthouse by December 6.  The November 12 Order included instructions for filing a Notice of Appearance and other resources for pro se litigants.  The November 12 Order advised plaintiff that failure to submit a Notice of Appearance and proof of service of such Notice on defendant may result in dismissal of the action for failure to prosecute.  The schedule for the remainder of the litigation set forth in the Order included the completion of fact discovery by January 31, 2020.

The November 12 Order required Mason and Wade to serve a copy of the November 12 Order on plaintiff and file proof of service on the public docket.  On November 13, Mason filed a Certificate of Service of the November 12 Order stating that a copy of the November 12 Order was mailed to plaintiff's last known address.

On December 13, 2019, after no Notice of Appearance had been filed by plaintiff or new counsel, the action was dismissed.  On January 6, 2020, plaintiff filed a Notice of Appeal of the December 13 dismissal.

On March 10, 2020, nearly four months after the November 12 Order, plaintiff filed a motion to set aside the judgment pursuant to Rule 60, Fed. R. Civ. P.  The motion principally

complains about the services provided by Mason and Wade.  The plaintiff also explains, however, that he never told his attorneys that he did not want them to represent him.

The March 10 filing was the pro se plaintiff's first correspondence with this Court.  The March 10 filing did not explain plaintiff's failure to communicate earlier with this Court.  In his motion, plaintiff states that he was not aware that he had to file a pro se Notice of Appearance form.  Plaintiff's March 10 motion did not address whether he received the November 12 Order.

On March 13, plaintiff was ordered to explain by March 23 whether he had received the November 12 Order.  The March 13 Order warned plaintiff that failure to do so may result in denial of the March 10 motion.  The Court mailed a copy of the March 13 Order to plaintiff on March 17.  To date, plaintiff has not filed a notice of appearance, sought an extension, or otherwise communicated with the Court.

Plaintiff's March 10 motion is denied.  There are several impediments to granting plaintiff's motion.  A district court possesses the "inherent power and responsibility to manage [its] docket so as to achieve the orderly and expeditious disposition of cases."  Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 53 (2d Cir. 2018).  That power includes the prerogative to issue appropriate sanctions.  Id.  Accordingly, plaintiff's failure to

abide by the November 12 or March 13 Orders or otherwise maintain communication with the Court are grounds to deny relief.

In addition, Rule 60 does not provide the relief that plaintiff seeks.  The plaintiff requests that this action be reinstated so that he may press his claims on his own.

As is relevant to his motion, Rule 60(b) permits a court to

> relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1)  mistake, inadvertence, surprise, or excusable neglect; . . . [or]
>
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances."  Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2009) (citation omitted).  "[C]ourts are generally reluctant to recognize attorney error as a basis for relief from an order or judgment."  Gomez v. City of New York, 805 F.3d 419, 423 (2d Cir. 2015); see also Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004).  The Second Circuit has "recognized as bases for Rule 60(b) relief an attorney's disappearance or mental illness where the party tried diligently to contact his or her attorney."  Gomez, 805 F.3d at 424 (citation omitted).

The plaintiff has not shown the diligence or extraordinary circumstances that require vacatur of the December 2019 dismissal.  The Court will not disturb a judgment that was rendered almost a year ago absent exceptional circumstances.

## Conclusion

The plaintiff's March 10, 2020 motion is denied.

Dated:    New York, New York
          November 10, 2020

```
                              _____
                                     DENISE COTE
                              United States District Judge
```

```
Copy Mailed to:
Bernard Scarborough
2931 Eighth Avenue, Apt. 7F
New York, NY 10039
```